UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHRIS OKOLI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:18-CV-294-HAB |
| | ) |
| MICHELIN NORTH AMERICA, INC. - | ) |
| BF GOODRICH, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

One of the few ways that federal courts, with their ever-increasing dockets, can manage caseloads is through deadlines. They move cases along and, to paraphrase eighteenth century British author Samuel Johnson, concentrate the mind wonderfully. While continuances and extensions can be, and indeed are, granted where appropriate cause is shown, counsel and litigants are expected to complete tasks in a timely manner.

Before the Court today is Plaintiff's Second Motion for Extension of Time to File a Response to Defendant's Motion for Summary Judgment (the "Motion"). (ECF No. 45). Having previously been granted an extension to June 26, 2020, significantly less than the sixty-day extension sought for reasons made clear in this Court's May 29, 2020, Order (ECF No. 44), counsel for Plaintiff waited until 2:19 p.m. on the date his response was due to seek an additional seven days' drafting time. Given the multiple failures of counsel to comply with the rules and deadlines of this Court, the Motion will be denied.

**A.     Procedural History**

Plaintiff began this proceeding *pro se*, but on October 19, 2020, attorney Olanrewaju Kukoyi submitted his Motion for Admission to Practice Pro Hac Vice (ECF No. 12). As part of his *pro hac vice* motion, Attorney Kukoyi affirmed under penalty of perjury that he had read and would abide by this Court's local rules and that he had never been publicly disciplined. (*Id*. at 2). The second half of that affirmation was false: Attorney Kukoyi had previously been suspended by the Pennsylvania Supreme Court for failure to comply with continuing education requirements in March 2017. *See In Re: Attorneys Administratively Suspended Pursuant to Pa.R.C.L.E. 111(b)*, No. 52 INC (Pa. 2017); http://www.pacourts.us/assets/opinions/Supreme/out/52inc-attach.pdf. Nonetheless, Magistrate Judge Susan Collins relied on Attorney Kukoyi's affirmation and granted him *pro hac vice* status. (ECF No. 15).

After receiving *pro hac vice* status, Attorney Kukoyi repeatedly failed to comply with the rules, procedures, and orders of this Court. On May 13, 2019, Attorney Kukoyi filed an amended complaint (ECF No. 24) on his client's behalf in violation of Federal Rule of Civil Procedure 15(a)(2); Defendant had already answered the original complaint (ECF No. 17). As a result, Magistrate Collins entered an order requiring Attorney Kukoyi to seek leave of the Court to file an amended complaint on or before May 21, 2019. Attorney Kukoyi did so, and was granted until June 7, 2019, to file an amended complaint. (ECF No. 31).

That deadline came and went with no amended pleading filed on Plaintiff's behalf. Accordingly, on June 17, 2019, Magistrate Collins set the matter for a telephonic status conference to occur on June 20, 2019. (ECF No. 32). Attorney Kukoyi filed the amended complaint (ECF No. 33) but failed to attend the scheduled status conference (ECF No. 34). Demonstrating exceptional patience, Magistrate Collins continued the status conference to June 25, 2019. (*Id*.). According to

2

the docket, Attorney Kukoyi attended the re-set conference, explaining that his failure to timely file the amended complaint was because he had "inadvertently" filed it in a different case. (ECF No. 36). Magistrate Collins apparently accepted this excuse and the case continued.

On May 8, 2020, Defendant filed its motion for summary judgment and supporting materials. (ECF Nos. 39–42). Three weeks later, Plaintiff moved for a sixty-day extension. (ECF No. 43). As set forth in this Court's May 29, 2020, Order, that motion was problematic. It violated and/or misinterpreted at least two Northern District of Indiana Local Rules and was less-than-candid regarding Pennsylvania's COVID-19 lockdown procedures. (*See* ECF No. 44). Considering all that, the Court rejected Plaintiff's request for a sixty-day extension and instead extended his summary judgment response deadline to June 26, 2020.

As noted above, Attorney Kukoyi waited until the afternoon of deadline day to seek an additional seven-day extension. The only basis for the additional extension is Attorney Kukoyi's statement that he "still requires more time to complete Plaintiff's response to Defendant's Motion for Summary Judgment." (ECF No. 45 at 1).

**B.     Legal Discussion**

Rule 6(b)(1) provides a district court with discretion to grant or deny a request for an extension of time. *See* Fed. R. Civ. P. 6(b)(1). In reviewing a motion for extension, a court must "look not just at the request itself but also at what led up to the request." *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996). "[M]atters of trial management are for the district judge and [the Seventh Circuit will] intervene only when it is apparent the judge has acted unreasonably." *Gonzalez v. Ingersoll Milling Mach. Co*., 133 F.3d 1025, 1030 (7th Cir. 1998) (citations omitted).

3

As the Court has set out above, this case has been beset by delays, missed deadlines, and rule violations since Attorney Kukoyi undertook Plaintiff's representation. Attorney Kukoyi has violated the Federal Rules of Civil Procedure, this Court's Local Rules, and the orders of this Court establishing deadlines. He has failed to attend scheduled hearings. He has misrepresented facts to the Court, including factual representations made under oath. He has done all of this while appearing *pro hac vice*, which is a privilege and not a right. *Royce v. Michael R. Needle, P.C.*, 950 F.3d 939, 954 (7th Cir. 2020). The Court is satisfied that, given the procedural history of this case, it is well-within its discretion to deny the Motion. *See*, *e.g.*, *Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 593–95 (7th Cir. 2012); *Spears*, 74 F.3d at 157–58.

The Court is particularly concerned about the timing of the Motion. The Court was as plain as it could be in its May 29, 2020, Order: it had evaluated Attorney Kukoyi's prior filings and determined that they did not warrant the extension he requested, but instead an extension to June 26, 2020. With that order in hand, questioning not only his knowledge of the applicable rules but also his candor, the Court cannot conceive of any situation where a competent attorney would fail to meet the court-ordered deadline. For Attorney Kukoyi to fail to file his response on time, for him to file a motion for extension on the afternoon of the deadline, and for him to fail to include any compelling basis for the extension leads the Court to conclude that he simply waited too long to respond to what is a relatively run-of-the-mill summary judgment filing.[1] That is simply not a basis for an extension, particularly given the history of this case. *Blue*, supra.

Again, *pro hac vice* status is a privilege, not a right. While an attorney may have an interest in that privilege, that does not abridge the district court's inherent authority "to control admission to its bar and to discipline attorneys who appear before it." *Chambers v. NASCO, Inc.*, 501 U.S.

---

[1] This is not a criticism of Defendant's filing, but instead a recognition that Plaintiff should have been prepared to respond to Defendant's arguments from the day suit was initiated.

32, 43 (1991) (citing *Ex parte Burr*, 22 U.S. (9 Wheat.) 529, 531, 6 L.Ed. 152 (1824)); *In re Snyder*, 472 U.S. 634, 645 n.6 (1985) ("Federal courts admit and suspend attorneys as an exercise of their inherent power."). When an attorney abuses the privilege of appearing *pro hac vice*, the district court may revoke that privilege as a sanction for misconduct. All that is required before an attorney's admission *pro hac vice* is revoked is adequate notice of the conduct in question and a reasonable opportunity to be heard on the matter. In light of the conduct set forth in this Opinion and Order and this Court's May 29, 2020, Order, Attorney Kukoyi is ordered to show cause on or before July 10, 2020, why his *pro hac vice* status should not be revoked in this case.

**C.     Conclusion**

For the foregoing reasons, Plaintiff's Second Motion for Extension of Time to File a Response to Defendant's Motion for Summary Judgment (ECF No. 45) is DENIED. Attorney Kukoyi is ORDERED to show cause on or before July 10, 2020, why his *pro hac vice* status should not be revoked.

SO ORDERED on June 29, 2020.

> s/ *Holly A. Brady*
> JUDGE HOLLY A. BRADY
> UNITED STATES DISTRICT COURT